Elhadj Ibrahima DIALLO, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 05–5253–ag.

United States Court of Appeals, Second Circuit.

Sept. 11, 2006.

34

Thomas V. Massucci, New York, NY, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz and Kathleen M. Salyer, Assistant United States Attorneys, Miami, FL, for Respondent.

Present: B.D. PARKER, REENA RAGGI and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Elhadj Ibrahima Diallo petitions for review of the BIA's September 2005 decision in which the BIA affirmed Immigration Judge ("IJ") Brigitte Laforest's order denying Diallo's applications for asylum, withholding of removal, and relief under the Convention Against Torture Act ("CAT") and ordering him removed. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, this Court reviews the IJ's decision as the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4); *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 156 (2d Cir.2004). Like other factual findings, the Court reviews adverse credibility determinations under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ listed a number of inconsistencies in Diallo's testimony. The most significant and damaging discrepancy was Diallo's testimony about the birth of his son, Yero. Diallo's testimony—that he was detained from January 1999 until March 2001—contradicts information provided in his application stating that his son, Yero, was born in June 2000. When questioned by counsel about this major discrepancy, Diallo appeared to go back and forth, testifying in a confusing manner. At first, Diallo stated that he was in fact the biolog-

ical father of Yero. Then, when counsel asked how it was possible for Diallo to have a child while he was in detention, Diallo stated that he could not say if Yero was his child or not. Finally, the IJ observed that Diallo appeared to become flustered as he tried to further explain the discrepancy stating that "[a]round that time if you are with your wife for a long period of time, even if your wife had a baby, you cannot say that it's not your baby. Because sometimes giving birth to a baby can be spread apart, sometime it can take four years before your wife can, becomes pregnant. It can take five years."

Moreover, the IJ found that, where Diallo testified he was arrested in January 1999 and released around March 2001, he stated in his application that he was arrested in March 1999 and released in February 2001. The IJ reasonably discounted Diallo's explanation for this inconsistency. Not only did Diallo testify inconsistently with his application with respect to this time in detention, he proffered internally inconsistent testimony as well—changing his original claim that he was detained for a year and few months to later state that he was detained from January 1999 to March 2001.

This Court gives particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor, in recognition of the fact that the IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to other causes. *Zhou Yun Zhang*, 386 F.3d at 73. The IJ's characterization of the record with respect to inconsistent testimony is accurate. The IJ cited numerous specific, pertinent reasons to doubt Diallo's testimony as to critical parts of his story. Furthermore, the IJ reasonably considered and rejected Diallo's explanations.

In finding Diallo incredible, the IJ likewise relied on inconsistencies between his testimony and certain corroborating evidence, *i.e.*, the RPG membership card and the letter from Lamaranah. As the IJ first discovered, Diallo's RPG membership card, issued in 2000, was inconsistent with Diallo's testimony that he had been a RPG member since 1992. The IJ also found it contradictory to Diallo's claim that he was incarcerated during the year 2000. When confronted with the inconsistencies surrounding Diallo's RPG membership card, Diallo had no explanation as to why he was only issued a card in 2000, even though he has been a member of the RPG since 1992 and that membership cards are issued every year. Diallo was confronted with the inconsistency and the IJ addressed his explanation in her decision, and the IJ reasonably relied on it in reaching her adverse credibility determination.

While these various inconsistencies, standing alone, may have been insufficient to support an adverse credibility determination, the combination adequately supports the IJ's determination.

Because Diallo failed to argue his withholding of removal and CAT claims before the BIA, he failed to exhaust his remedies with respect to these claims and this Court lacks jurisdiction to review them. *See* 8 U.S.C. § 1252(d)(1); *see also Foster v. INS*, 376 F.3d 75, 77 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-